UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-239 (ADM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Cortez Davon Blakemore, | |
| Defendant. | |

This matter is before the Court on Defendant's motions for discovery, disclosure and other non-dispositive relief. On November 29, 2022, the Court held a hearing on these motions and Mr. Blakemore's Motion to Suppress Evidence Obtained as a Result of a Search and Seizure ("Motion to Suppress") (ECF No. 28). The Court will address the Motion to Suppress in a separate report and recommendation. During the hearing the parties waived oral argument on Defendant's motions for non-dispositive relief. Based on the parties' written submissions, and on the entire file, the Court enters the following Order.

I.  **Defendant's Motion for Discovery and Inspection (ECF No. [24])**

Mr. Blakemore's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: 28 days prior to trial.

b. Rebuttal expert disclosures: 14 days prior to trial.

1

II. **Defendant's Motion for Exculpatory Evidence (ECF No. [25])**

Mr. Blakemore's motion to compel the Government to disclose evidence favorable to the defendant is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government.

III. **Defendant's Motion to Disclose and Make Informant Available for Interview (ECF No. [26])**

Mr. Blakemore moves the Court to compel the Government to disclose the identity of any confidential informant(s) it may have utilized in the investigation of this matter, to make such informant(s) available for interview by Defendant's attorneys in preparation for trial, and to disclose the prior criminal convictions of such informant(s). The Government acknowledges it utilized a "confidential informant who made a controlled buy of narcotics from [Mr.] Blakemore on a prior occasion" in its investigation (ECF No. 20 at 2), but opposes pretrial disclosure on the grounds that its confidential informant was a "mere tipster" whose participation was limited to controlled buys unrelated to the seizure of Mr. Blakemore's narcotics. (*Id.*) (quotation omitted).

The Government agrees that if it calls the confidential informant to testify, it will provide Jencks Act, 18 U.S.C. § 3500, and *Giglo* material as to that witness no later than three business days before trial. (*Id.* at 3.) The Government argues, however, that if the Court ultimately orders disclosure of the confidential informant, any disclosure obligation it has is limited to providing information about the informant's identity and location, and that it has no obligation to make the informant available for interview. (*Id.*)

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, No. 21-cr-126-ADM-ECW, 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*,

257 F.3d 775, 779 (8th Cir. 2001)), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." *Id.* at 763–64 (quotation omitted). There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Rovario v. United States*, 353 U.S. 53, 62 (1957). "[O]ne of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991) (brackets omitted) (emphasis in original) (quoting *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 878 (citation omitted). But ultimately, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Rovario*, 353 U.S. at 60–61.

Generally speaking, "[w]here the [informant] is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense" and disclosure is required. *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). In contrast, in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in

3

the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878.

Mr. Blakemore does not raise any counterargument to the Government's position that its informant is a mere tipster whose identity it need not disclose, and the Court finds Mr. Blakemore has not meet his burden to establish disclosure is necessary.  Count 1 of the Indictment is predicated on a June 11, 2022 traffic stop, during which the Hennepin County Sheriff's Officers allegedly found fentanyl on Mr. Blakemore's person.  (*See* ECF Nos. 2-1 at ¶ 4–11, 16 at 1.)  As the confidential informant's controlled purchases do not appear to have played any role at all in the officers' decision to conduct the traffic stop, the confidential informant is wholly immaterial to this charge.

Similarly, Count 2 of the Indictment is predicated on a June 22, 2022 traffic stop, during which Minneapolis Police Department Officers allegedly found fentanyl on Mr. Blakemore's person. (*See* ECF Nos. 2-1 at ¶ 12–15, 16 at 1–2.)  The officers initially were waiting by Mr. Blackmore's residence to execute a search warrant on his property, which was based in part on the confidential informant's controlled purchases.  The officers contend, however, that they pulled Mr. Blakemore over when he drove by, and seized the alleged fentanyl, due to his illegally tinted windows and revoked license. (*See* ECF No. 2-1 at ¶ 12–13.)  For purposes of this motion Defendant has not disputed the alleged facts surrounding this seizure.  The confidential informant thus appears to have played no direct role in the seizure of the alleged fentanyl leading to Count II.  *See e.g.*, *United States v. Bradley*, 924 F.3d 476, 479, 481–82 (8th Cir. 2019) (finding that disclosure of confidential informant's identity who was involved in a controlled buy that led officers to obtain a search warrant was not required when the defendant was not charged with the controlled buy, and noting that the "confidential informant's participation in an uncharged

4

controlled buy does not change this conclusion"). Moreover, the confidential informant appears not to have taken part in the execution of the search warrant, was not present at Mr. Blakemore's property at the time of the search warrant's execution, and was not a witness to the search. *See, e.g.*, *Harrington*, 951 F.2d 876 at 878 (holding disclosure of a confidential informant's identity was not required when the informant participated in a controlled buy leading to a search warrant when the informant "neither witnessed nor participated in the search" that led to the charge and "could not offer any evidence bearing on the possession charges" in the indictment).

Accordingly, the Court finds that at this time the Government's confidential informant is a mere 'tipster' whose identity the Government need not disclose and **DENIES** the motion. If the Government ultimately decides to call the confidential informant to testify at Mr. Blakemore's trial, it must comply with *Giglio* and the Jencks Act. Though the Court does not order the Government to do so, it encourages the Government to make these disclosures at least two weeks prior to trial to avoid unnecessary delays.

IV.   **Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. [27])**

Mr. Blakemore's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall provide the notice required by Rule 404(b) at least two weeks prior to trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence of conduct that is inextricably intertwined with the offense conduct charged.

**SO ORDERED.**

Dated: December 2, 2022            *s/ Dulce J. Foster*
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge